IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christina M. McKinney,

    Plaintiff,

  v.                         Case No. 2:15-cv-2351

Commissioner of
Social Security,

    Defendant.

ORDER

Plaintiff Christina M. McKinney brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. In his March 10, 2014, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of: degenerative disc disease of the lumbar spine; status post cervical fusion; status post two right shoulder arthroscopies; asthma; major depression; generalized anxiety disorder; personality disorder; and borderline intellectual functioning. PAGEID 139. The ALJ concluded that plaintiff has the residual functional capacity to perform light work with specified restrictions designed to take into account her physical and mental limitations, that she was capable of performing available jobs in the national economy, and that she was not disabled. PAGEID 143-56. This matter is before the court for consideration of plaintiff's April 28, 2016, objections to the April 14, 2016, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and

recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Opinion of Treating Physician Marsha Turner, D.O.

Plaintiff objects to the finding of the magistrate judge that the ALJ did not err in his consideration of the August 19, 2013, opinion of Dr. Marsha Turner, D.O., plaintiff's treating primary care physician, regarding plaintiff's physical limitations. The court agrees with the conclusion of the magistrate judge that the

2

ALJ complied with the requirements for consideration of treating physician opinions.

Under Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). An ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the

3

treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F.App'x 462, 470-72 (6th Cir. 2006).

The ALJ assigned little weight to Dr. Turner's opinion, noting, at PAGEID 144:

> The opinion is quite restrictive, but offers no specific findings to support such restrictions. Overall, the opinion is far more limiting than what is supported by the medical record, which ultimately shows the claimant has *subjective* tenderness with good strength and range of motion. Furthermore, Dr. Turner is a primary care physician and is not Board Certified in orthopedics, [or in] neurological[] or physical medicine.

Plaintiff objects to the ALJ's comment that Dr. Turner was a primary care physician. However, Dr. Turner's area of specialty is a factor which the ALJ was specifically permitted to consider under 20 C.F.R. §404.1527(c)(5), and the ALJ's comment that Dr. Turner was a primary care physician was not erroneous. Plaintiff notes that the ALJ did not make similar comments regarding the qualifications of the state agency reviewing consultants, Dr. Dimitri Teague and Dr. Frank Stroebel, in assigning their opinions significant weight (one was an emergency room physician and the other was a pediatrician). Unlike the rules applicable to treating physician opinions, the ALJ was not required to give "good reasons" for the weight assigned to non-treating sources. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Nonetheless, although the ALJ did not specifically comment on the fact that the state agency physicians were also not specialists in orthopedics, neurology, or physical medicine, the ALJ did note that they were "well-qualified by reason of training

4

and experience in reviewing an objective record and formulating an opinion as to limitations" and that they "are deemed to possess specific 'understanding of our disability programs and their evidentiary requirements[.]'"  PAGEID 143-44.  The ALJ gave an adequate explanation for the weight he assigned to the opinions of the state agency reviewing consultants.

    Plaintiff also argues that it was error to give the state agency reviewers' 2012 opinions more weight because their review did not include later medical records to which Dr. Turner would have had access in completing her August, 2013, assessment.  An ALJ can rely on a non-examining source who did not have the opportunity to review later medical records, as long as there is some indication in the decision that the ALJ considered the new evidence before giving weight to an opinion that is not based on a review of a complete case record.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).  Here, the ALJ stated that he formulated plaintiff's RFC "[a]fter careful consideration of the entire record[.]"  PAGEID 143.  The ALJ also recognized and considered the fact that the state agency consultants did not have an opportunity to consider later medical records, noting that

> the evidence received into the record after the reconsideration determination concerning the claimant's physical and mental status [by the State Agency consultants] did not provide any credible or objectively supported new and material information that would alter the State Agency's findings concerning the claimant's physical and mental limitations.

PAGEID 144.  No error has been shown in the ALJ's weighing of the opinions of the state agency physicians.

    Plaintiff further objects that the ALJ "baselessly maligned Dr. Turner's opinion as relying upon 'subjective' reports" and

5

"ignored the breadth and depth of the objective findings drawn upon by Dr. Turner in making her assessments." Doc. 20, p. 3. The ALJ correctly found that Dr. Turner's opinion did not include specific findings. PAGEID 144. The forms completed by Dr. Turner (Ex. 33F) were "check-box" forms which included no explanation of her findings concerning plaintiff's physical limitations. In the "DIAGNOSES" section, Dr. Turner simply noted plaintiff's degenerative disc disease of the cervical and lumbar spine, spine discectomy and fusion, and shoulder rotator cuff repair. These remarks were not sufficient to explain her findings. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job). The ALJ did not err in considering Dr. Turner's failure to explain her findings in assigning her opinion little weight. *See Price v. Comm'r Soc. Sec. Admin.*, 342 F.App'x 172, 176 (6th Cir. 2009)(ALJ properly discounted treating physician's opinion where physician failed to provide any explanation for his responses to interrogatories regarding plaintiff's impairments); *Rogers v. Comm'r of Soc. Sec.*, No. 99-5650, 2000 WL 799332 at *6 (6th Cir. June 9, 2000)(treating physician's documentation of impairments on check-box form not entitled to great weight when no further explanation was given).

The ALJ also complied with the treating source requirements by indirectly attacking Dr. Turner's opinion. The ALJ included a thorough discussion of plaintiff's medical records in his decision which supported his conclusion that these records lacked sufficient objective medical evidence to substantiate the degree of functional

limitations found by Dr. Turner. PAGEID 146. For example, the ALJ summarized multiple medical records concerning: (1) plaintiff's treatment following the June, 2011, rotator cuff repair, which ultimately reported good range of motion and reduced pain, with few complaints of numbness and tingling; (2) plaintiff's neck complaints, including a cervical discectomy and fusion in March, 2012, documented by examination and test results which showed at most only slight limitation in range of motion; (3) plaintiff's treatment for spinal problems, which showed mild degenerative disc disease with no fractures, disc herniation, or central or foraminal stenosis; and (4) plaintiff's treatment for asthma, with normal examination results. PAGEID 147-151. The ALJ's discussion of these records adequately explains and supports his conclusion that Dr. Turner's opinion was not based on sufficient objective evidence.

Likewise, to the extent that the ALJ criticized Dr. Turner's opinion as being based on plaintiff's subjective complaints, which the ALJ found to be insufficiently supported by objective evidence, the ALJ did not err. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010)(ALJ did not err in rejecting medical opinion based on claimant's subjective complaints which were not supported by objective medical evidence). The ALJ also concluded that plaintiff's subjective complaints concerning the severity of her symptoms were not fully reliable or credible. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003)(the ALJ may properly consider the credibility of a claimant when making a determination of disability, and the ALJ's credibility determinations are accorded great weight and deference). In

7

concluding that plaintiff's subjective complaints were not fully credible, the ALJ noted that: (1) plaintiff's daily activities (including caring for her young son, driving, attending on-line school for seven months, performing household chores and grocery shopping) were consistent with the light work permitted by the RFC; (2) plaintiff made inconsistent statements concerning drug (marijuana and Oxycodone) and alcohol use and the efficacy of her prescription medication; (3) Dr. Sudhir Dubey, Psy.D., reported in September, 2012, that plaintiff appeared to be magnifying her symptoms (Ex. 26F); and (4) plaintiff failed to comply with treatment recommendations concerning exercise and smoking cessation. PAGEID 153-154. In light of the ALJ's credibility findings, any criticism of Dr. Turner's reliance on plaintiff's subjective complaints was not "baseless."

Plaintiff's objection to the ALJ's analysis of Dr. Turner's opinion is denied.

B. Opinion of Todd Warren

Plaintiff also objects to the ALJ's discussion of the July 3, 2013, mental residual functional capacity evaluation completed by Todd Warren, a licensed professional counselor. *See* Ex. 32F. The ALJ assigned this assessment little weight, noting that Mr. Warren's findings of extreme limitations were not supported by the medical evidence of record, that Mr. Warren did not provide specific findings to support his opinion, and that Mr. Warren relied heavily on plaintiff's subjective reports, which the ALJ found to be not entirely credible. PAGEID 144. The ALJ's decision includes an extensive discussion of plaintiff's mental health treatment history, both as part of the five-step analysis and later in the decision. *See* PAGEID 140-143, 151-152.

Plaintiff argues that the ALJ erroneously restricted his consideration of Mr. Warren's opinion in stating that this opinion would be "considered only to the extent that it helps understand how an impairment affects the ability to work (*see* 20 CFR 416.913(e))." PAGEID 1233. Plaintiff's objection suggests that Mr. Warren's opinion should be afforded the same weight and treatment as an opinion from an "accepted medical source" because not all social security applicants can afford the services of a medical practitioner. Doc. 20, p. 3.

The court agrees with the conclusion of the magistrate judge that the ALJ accurately cited and followed the requirements of 20 C.F.R. §416.913 in evaluating Mr. Turner's opinion. That regulation indicates that as a licensed professional counselor, Mr. Warren's opinion falls within the category of evidence from "other sources" which may be considered to "show the severity of your impairment(s) and how it affects your ability to work." Similarly, under Soc. Sec. Rul. 06-3p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006), evidence from medical sources such as licensed clinical social workers or therapists are deemed to be "other source" evidence as defined in §416.913(d). *See* SSR 06-3p, 2006 WL 2329939 at *2. This policy ruling states that "we *may* use evidence from 'other sources,' ... to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id*. (emphasis supplied). Although the policy includes a list of factors which "can be applied" by the ALJ to opinion evidence from "other sources," *id*., 2006 WL 2329939 at *4, an ALJ is not required to weigh all the factors in every case, but generally should explain the weight given to other source opinions

9

in a manner sufficient to ensure that a subsequent reviewer can follow the ALJ's reasoning. *Id.*, 2006 WL 2329939 at *5-6. Here, the ALJ considered Mr. Turner's opinion, and gave sufficient reasons for assigning that opinion little weight. No error occurred in the ALJ's evaluation of Mr. Turner's opinion.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence. The court overrules the plaintiff's objections (Doc. 20), and adopts and affirms the magistrate judge's report and recommendation (Doc. 19). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: June 3, 2016                    s/James L. Graham
                                      James L. Graham
                                      United States District Judge